UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW JOHNSTONE,

      Plaintiff(s),                                  No. C 09-4872 PJH

    v.                                         **ORDER GRANTING MOTIONS TO DISMISS**

CITY OF SAN CARLOS, et al.,

      Defendant(s).

_____/

      This matter was before the court for hearing on the motion to dismiss filed by the City of San Carlos ("the City") and Jeff McCourtie (collectively "City defendants") and the motion to dismiss filed by the County of San Mateo ("the County"), James Fox, Stephen Wagstaffe, and Rick Good (collectively "County defendants"). Andrew Pierce appeared for plaintiff, Patrick Co appeared for City defendants, and David Silberman appeared for County defendants. The motions are GRANTED for the reasons stated at the hearing and summarized as follows.

      1.      The fourth cause of action for malicious prosecution asserted against County defendants is voluntarily dismissed by plaintiff. In view of plaintiff's failure to file a pre-suit administrative claim, the DISMISSAL IS WITH PREJUDICE.

      2.      As to the remaining § 1983 claim against County defendants, County defendants' motion to dismiss for failure to state a claim is GRANTED as to the three individual defendants. With regard to Fox, there is no respondeat superior liability under § 1983 and plaintiff has alleged no facts as to which of plaintiff's civil rights Fox violated and how. With regard to Wagstaffe, plaintiff has alleged no facts connecting defendant's conduct of making a false statement to the press, with the violation of any of his civil rights.

Similarly, with regard to Good, plaintiff has not alleged which of his civil rights were violated by Good and how the violation occurred.  The DISMISSAL IS WITH LEAVE TO AMEND.

      3.    County defendants' motion to dismiss the § 1983 claim as to all individual defendants based on prosecutorial immunity is GRANTED with respect to those activities intimately associated with the judicial phase of the prosecution and DENIED with respect to those activities associated with the investigatory phase of the prosecution, for which defendants may later raise qualified immunity.  See Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2001); Waggy v. Spokane County Washington, — F.3d —, 2010 WL 396023, *3 (9th Cir. 2010).  As the current complaint is unclear as to how Fox violated plaintiff's rights, it is impossible to determine which, if any of his acts, are associated with the judicial phase or the investigatory phase of the prosecution.  Fox may again assert prosecutorial immunity if he is named again in the amended complaint.  As to Wagstaffe, the statement to the press appears to the court to be associated with neither phase of the prosecution and no absolute immunity attaches.  As to Good, he is absolutely immune for his actions in connection with the preliminary hearing and his actions in continuing the prosecution in light of the discovery of the alleged exculpatory evidence and these allegations may not support the § 1983 claim in the amended complaint.

      4.    County defendants' motion to dismiss based on Eleventh Amendment immunity is GRANTED as follows.  The County is immune and is DISMISSED WITH PREJUDICE and shall not be re-named in any amended complaint.  The individual defendants, to the extent sued in their official capacities, are also immune and any official capacity claims are DISMISSED WITH PREJUDICE.  Only the individual capacity claims against Fox, Wagstaffe, and Good may be amended.

      5.    City defendants' motion to dismiss the § 1983 claim against McCourtie based on qualified immunity is DENIED.  The motion as it pertains to the City, however, is GRANTED given that there are no allegations describing the unconstitutional acts of McCourtie and how those acts are rooted in a custom or policy attributable to the city.  The

DISMISSAL IS WITH LEAVE TO AMEND.

6. City defendants' motion to dismiss the malicious prosecution claim is GRANTED and the DISMISSAL IS WITH PREJUDICE given the statutory immunities found in California Gov't Code § § 821.6 and 815.2. See also, Asgari v. City of Los Angeles, 15 Cal.4th 744 (1977).

7. City defendants' motion to dismiss the intentional infliction of emotional distress and negligence claims is GRANTED. The DISMISSAL IS WITH LEAVE TO AMEND to allege facts adequate to support each of these claims.

Any amended complaint shall be filed within thirty days of the date of the hearing, and any response within twenty days thereafter. Leave to amend is permitted to cure the deficiencies noted above and may not be used to add additional parties or claims.

**IT IS SO ORDERED.**

Dated: February 18, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge